UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

LARRY WEARING,                          :

                    Petitioner,         :
                                                 10 Civ. 8307 (LTS)(HBP)
       -against-                        :
                                                 MEMORANDUM OPINION
THOMAS LAVALLEY,                        :        AND ORDER

                    Respondent.         :

----------------------------------X


          PITMAN, United States Magistrate Judge:


          Petitioner, an inmate in the custody of the New York

State Department of Correctional Services, commenced this habeas

corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his

conviction violated certain of his federally protected rights.

By motion dated November 29, 2010 (Docket Item 3), petitioner

seeks to have counsel appointed to represent him pursuant to the

Criminal Justice Act, 18 U.S.C. § 3006A.  For the reasons set

forth below, the motion is denied without prejudice to renewal.

          It is well settled that there is no constitutional

right to counsel in a habeas corpus proceeding such as this one;

rather the appointment of counsel in such a proceeding is a

matter of discretion.  Wright v. West, 505 U.S. 277, 293 (1992);

Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v.

United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986);

Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at
*1 (S.D.N.Y. Jan. 18, 2001).  Accordingly, petitioner's applica-
tion should be analyzed in the same manner as any other applica-
tion for pro bono counsel in a civil case.

        The factors to be considered in ruling on a motion for
pro bono counsel are well settled and include "the merits of
plaintiff's case, the plaintiff's ability to pay for private
counsel, [the plaintiff's] efforts to obtain a lawyer, the
availability of counsel, and the plaintiff's ability to gather
the facts and deal with the issues if unassisted by counsel."
Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of
these, "[t]he factor which command[s] the most attention [is] the
merits."  Id.  Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996
WL 208203 (S.D.N.Y. April 26, 1996); see Berry v. Kerik, 366 F.3d
85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court
of Appeals:

> Courts do not perform a useful service if they appoint
> a volunteer lawyer to a case which a private lawyer
> would not take if it were brought to his or her atten-
> tion.  Nor do courts perform a socially justified
> function when they request the services of a volunteer
> lawyer for a meritless case that no lawyer would take
> were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also
Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In
deciding whether to appoint counsel . . . the district judge

should first determine whether the indigent's position seems
likely to be of substance.'").

      The Court of Appeals for the Second Circuit has

> stated in various ways the applicable standard for
> assessing the merits of a pro se litigant's claim.  In
> Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)],
> [the Court of Appeals] noted that "[e]ven where the
> claim is not frivolous, counsel is often unwarranted
> where the indigent's chances of success are extremely
> slim," and advised that a district judge should deter-
> mine whether the pro se litigant's "position seems
> likely to be of substance," or showed "some chance of
> success."  Hodge, 802 F.2d at 60-61 (internal quotation
> marks and citation omitted).  In Cooper v. A. Sargenti
> Co., [the Court of Appeals] reiterated the importance
> of requiring indigent litigants seeking appointed
> counsel "to first pass the test of likely merit."  877
> F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204
(2d Cir. 2003).

      Petitioner reports an income of $38 per month from work
he performs at Clinton Correctional Facility, where he is incar-
cerated, but does not receive income from any other source
(Application for the Court to Request Counsel Pursuant to 18
U.S.C. §3006A(g), "Application").  On this income alone, petitio-
ner would not be able to afford to pay for private counsel.
However, in response to the question on the form seeking a
statement of the reasons why petitioner needs a lawyer, peti-
tioner stated:

Petitioner concedes that this case is complicated and that an attorney's expertise is very warranted due to his layman status.

Petitioner's statement amounts to nothing more than a statement of universally applicable reasons that are present in every pro se habeas proceeding.  Petitioner has failed to show that he has any particular need for the assistance of counsel.

Accordingly, petitioner's motion for the appointment of counsel pursuant to the Criminal Justice Act is denied without prejudice to renewal.  Any renewed application should be accompanied by an affidavit establishing all the elements discussed above including the merits of the petition.

Dated:  New York, New York
        August 11, 2011

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Larry Wearing
Din 05-A-4800
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

4