UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LARRY WEARING,

                    Petitioner,

         -v-                                10-CV-8307 (JPO)

THOMAS LAVALLEY,                      OPINION AND ORDER

                    Respondent.

------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

*Pro se* petitioner Larry Wearing ("Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking review of his jury conviction in New York State Supreme Court, New York County, on eight counts of robbery in the first degree. (Dkt. No. 1, "Petition.") On January 28, 2015, Magistrate Judge Henry B. Pitman issued a detailed Report and Recommendation recommending that the Petition be denied. (Dkt. No. 14, "Report.") Thereafter, the Court twice granted Petitioner an extension of the deadline to file objections to Judge Pitman's Report. (Dkt. Nos. 16, 20.) Petitioner filed his objections on May 12, 2015.[1] (Dkt. No. 21, "Objections.") The Court has reviewed the record in this case, the Report, and Petitioner's Objections. For the reasons that follow, the Report is adopted in full and the Petition is denied.

I.      **Discussion**

When reviewing the report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Familiarity with the facts and procedural history of this case is otherwise presumed. (*See* Report at 2-25.)

1

magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). However, where objections are "merely perfunctory responses . . . rehashing [] the same arguments set forth in the original petition" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," de novo review is inappropriate. *Id*. (internal quotation marks omitted). Where, as here, the objecting party is proceeding pro se, the Court construes the objections liberally. *Pearson–Fraser v. Bell Atlantic*, No. 01–CV–2343, 2003 WL 43367, at *2 (S.D.N.Y. Jan. 6, 2003).

### A.   Procedurally Barred Claims

The Report finds several of Petitioner's claims to be procedurally barred as a result of a failure to exhaust: a *Brady* claim concerning an undisclosed photograph, certain claims of prosecutorial misconduct, and certain ineffective assistance of trial counsel claims. (Report at 40-47.) In his Objections, Petitioner largely reiterates his substantive claims and insists that they were raised and, thus, preserved for this Court's review. (Objections at 1-12.) An independent review of the record confirms the Report's conclusion that Petitioner did not raise these claims, even under a generous reading of Petitioner's submissions in state court.

Additionally, the Report recommends that one of Petitioner's prosecutorial misconduct claims — that the prosecution falsely alleged that Petitioner had his teeth fixed to confound identification — should be procedurally barred because it was denied on adequate and

independent state procedural grounds. (Report at 47-49.) The Court concurs with the Report's analysis.[2]

B.  **Other Claims**

1.  **State Criminal Procedure Claims**

Petitioner argues that the trial court failed to issue a written decision after the April 6, 2005 suppression hearing as is purportedly required by New York Criminal Procedure Law §§ 710.40(3) and 710.60(6). (Petition at 2-3.) The Report recommends that this claim be denied because an alleged violation of New York Criminal Procedure Law is not a cognizable basis for federal habeas corpus review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). In response, Petitioner argues that the failure to issue a written decision in accordance with state law violated due process under the Fourteenth Amendment to the United States Constitution. (Objections at 3.) The Court finds persuasive the Report's conclusion that a claim premised on a violation of §§ 710.40(3) and 710.60(6) does not implicate a right under the Constitution in these circumstances. (Report at 38-39.) In any event, there is a more basic problem with Petitioner's claim: the trial court did not violate the provisions of New York criminal procedure law at issue. Rather, Justice Allen's ruling from the bench and subsequent written decision met New York's requirement that a ruling on a motion to suppress must be "made before trial" and that the court's "findings of fact, its

---

[2] A liberal reading of Petitioner's Objections suggests that he also believes this and other instances of procedural default should be excused for cause. (*See* Objections at 1, 13.) Because the Court finds that both trial counsel and appellate counsel were not constitutionally ineffective, as is detailed below, Petitioner cannot rely on the ineffectiveness of counsel as "cause" to excuse his procedural default. *See DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (per curiam) ("In order to establish attorney dereliction as cause, a petitioner must meet the standards for showing constitutionally ineffective assistance of counsel.")

conclusions of law and the reasons for its determination" must be "set forth on the record."  N.Y. Crim. Proc. §§ 710.40(3), 710.60(6).  (*See* Dkt. No. 9, Exh. BB; Dkt. No. 10, Apr. 7, 2005 Tr. 2:9-23.)

### 2. Ineffective Assistance of Trial Counsel Claims

Aside from those claims that are procedurally barred, Petitioner argues that he was provided constitutionally ineffective assistance of counsel in three respects: trial counsel's failure (1) to challenge the legality of a pen register / trap and trace / cell site order ("the Order") used to locate Petitioner; (2) to request a missing witness charge as to two witnesses; and (3) to call attorney Allan Khan as a defense witness.  (Petition at 5.)  State courts resolved these claims on the merits, and thus their determinations must be afforded the deferential standard of review required under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  28 U.S.C. § 2254(d).  (Report at 51-52.)  In order to prevail on a claim of ineffective assistance of counsel, Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a showing that "counsel's performance fell below an objective standard of reasonableness in light of prevailing professional norms; and [] affirmatively prove[s] prejudice arising from counsel's allegedly deficient representation."  *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011) (quoting *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008)).  In considering *Strickland*'s first prong, courts "strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 690)).  Thus, this Court's "review is 'doubly deferential' in that '[it] take[s] a highly deferential look at counsel's performance through the deferential lens of § 2254(d).'"  *Jackson v. Conway*, 763 F.3d 115, 153 (2d Cir. 2014) (quoting *Pinholster*, 131 S. Ct. at 1403).

Petitioner does not dispute that the state courts decided these ineffective assistance claims on the merits or that AEDPA's deferential standard of review is appropriate. Indeed, the state court "rejected [P]etitioner's claims of ineffective assistance of trial counsel, determining that 'counsel put on a vigorous defense.'" (Report at 51-52.) Aside from the question of his counsel's performance, Petitioner's *Strickland* claims also fail because — in light of the evidence of Petitioner's guilt offered at trial — he cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jackson*, 763 F.3d at 153 (quoting *Strickland*, 466 U.S. at 694). For the reasons outlined in the Report, the Court adopts its conclusion that "[P]etitioner is unable to demonstrate either that his counsel's performance was objectively deficient or that he suffered any prejudice." (Report at 54.)

### a.   Pen Register/Trap and Trace/Cell Site Order

Petitioner argues that his trial counsel was ineffective because counsel failed to challenge the legality of the Order that investigators used to apprehend Petitioner. (Objections at 21.) In his Objections, Petitioner argues that the Order violated the Fourth Amendment and various federal statutes. (Objections at 20-32.) In essence, he contends that the Order improperly allowed investigators to access historic cell-site data associated with his mobile phone – data that helped investigators locate Petitioner. The relevant legal question, at this stage, is whether counsel's failure to challenge the Order suggests that Petitioner received constitutionally ineffective representation.

Insofar as Petitioner contends that there was no probable cause for his arrest, or to support the Order, his claim fails. Petitioner's counsel did argue that there was no probable cause for arrest, a claim that was rejected by the trial court because investigators had more than

sufficient evidence to constitute probable cause — including photographic identifications of Petitioner by two eyewitnesses — *prior* to issuance of the Order.  (Dkt. No. 9, Exh. BB at 3-4.) Further, because the statutory violations alleged by Petitioner do not afford a suppression remedy, little would have resulted from an objection on statutory grounds.  The Stored Communications Act provides for civil damages and criminal punishment but excludes other potential remedies.  *See* 18 U.S.C. § 2708; *U.S. v. Scully*, No. 14-CR-208, 2015 WL 3540466, *25 (S.D.N.Y. June 8, 2015) ("The SCA allows for civil damages, and criminal punishment, but nothing more" (citations omitted)); *U.S. v. Pembrook*, No. 2:14-cr-20525, 2015 WL 4612040, *8 (W.D. Mich. 2015).  So too, "suppression of evidence is not a remedy for alleged violations of the [Electronic Communications Privacy Act of 1986]." *U.S. v. Navas*, 640 F.Supp.2d 256, 262-63 (S.D.N.Y. 2009) (collecting authorities), *rev'd in part on other grounds*, 597 F.3d 492 (2d Cir. 2010); *see U.S. v. Stegemann*, 40 F.Supp.3d 249, 270-71 (N.D.N.Y. 2014).  Finally, given the 'doubly deferential' standard of review applicable to Petitioner's ineffective assistance claim, *Jackson*, 763 F.3d at 153, and trial counsel's attempt at suppression apparent from the face of the record (Dkt. No. 10, Apr. 6, 2005 Tr. 77-85), the state court did not unreasonably apply *Strickland* when it determined that Petitioner did not receive constitutionally ineffective counsel.

                b.        **Missing Witnesses**

Petitioner also alleges that his trial counsel was ineffective because his counsel did not request a missing witness charge when the prosecution failed to call two witnesses to the stand. The Court wholly adopts the Report's analysis in dismissing this claim.[3] (Report at 57-58.)

---

[3] In his Objections, Petitioner also argues that the failure to call witness Rodriguez was a violation of Petitioner's rights under the Confrontation Clause. (Objections at 19-20.)  Even liberally construed, this claim is frivolous.  The Confrontation Clause regulates the admission of testimonial statements; it does not dictate whether a particular witness should take the stand. *See Ohio v. Clark*, 135 S. Ct. 2173, 2179 (2015).

### c.    Attorney Khan as a Defense Witness

Finally, Petitioner claims that his counsel was ineffective for failing to call Petitioner's former attorney to the stand.  According to Petitioner, this former attorney would have testified that a police detective carried a photograph of Petitioner around the station house prior to lineup identifications in an effort to influence potential witnesses. (Objections at 18-19.)  If substantiated, Petitioner's allegation would be significant. But there is no evidence in the record to support Petitioner's claim — not even an affidavit or letter from his former attorney.  "[T]he burden to show that counsel's performance was deficient rests squarely on the defendant . . . . [T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (internal quotation marks and alterations omitted).  As such, Petitioner's "bare allegations" are "insufficient to carry [] his evidentiary burden." *Pierre v. Ercole*, 560 Fed. Appx. 81, 83 (2d Cir. 2014) (summary order) (quoting *Burt*, 134 S. Ct. at 17).  In any event, this Court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1398.  Because the record is devoid of any support for Petitioner's allegation, the Court cannot conclude on this basis that Petitioner's counsel was constitutionally ineffective.

### 3.    Ineffective Assistance of Appellate Counsel

Petitioner claims that his appellate counsel was constitutionally ineffective because he did not raise certain issues.  The Court adopts in full the Report's analysis concluding that Petitioner failed to demonstrate that his appellate counsel was ineffective. (Report at 61-67.)  In his Objections, Petitioner identifies two additional issues that his appellate counsel failed to raise: the ineffective assistance of Petitioner's trial counsel and an alleged Confrontation Clause

claim.  (*See* Objections at 42.)  The Court has already concluded that Petitioner's trial counsel ineffective assistance and Confrontation Clause claims are lacking.  Because the Constitution does not require appellate counsel to raise meritless arguments, Petitioner's claim is unavailing.  *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001).

### 4. Warrantless Arrest

Finally, Petitioner claims that his warrantless arrest violated his Fourth Amendment rights.  The Court wholly adopts the Report's analysis concluding that this claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and its progeny.  (Report at 67-71.)  Petitioner's Objections do not disturb this conclusion.  (*See* Objections at 44-48.)

## II. Conclusion

For the foregoing reasons, and the reasons explained in the thorough and well-reasoned Report of Magistrate Judge Pitman, the Petition is DENIED.

Because Petitioner has failed to make a substantial showing that he was denied a constitutional right, a certificate of appealability shall not issue.  28 U.S.C. § 2253(c).

The Clerk of Court is directed to close this case.


Dated: November 4, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge


COPY MAILED TO PRO SE PETITIONER